**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3096-16T1

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

NARESH G. GIDWANI and
BINA R. GIDWANI,

    Defendants-Appellants.

_____

       Submitted March 5, 2018 — Decided August 3, 2018

       Before Judges Messano and O'Connor.

       On appeal from Superior Court of New Jersey,
       Chancery Division, Middlesex County, Docket
       No. F-024030-14.

       Law Offices of Joseph A. Chang & Associates,
       attorneys for appellants (Joseph A. Chang,
       of counsel; Jeffrey Zajac, on the briefs).

       Reed Smith, LLP, attorneys for respondent
       (Henry F. Reichner, of counsel; Brian P.
       Matthews, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Naresh G. Gidwani and Bina R. Gidwani[1] appeal from a final judgment of foreclosure, contending the court erred when it entered summary judgment for plaintiff Wells Fargo Bank, N.A. We affirm.

I

We culled the following from the record. In 2004, defendants were married and owned a home together. Their home was encumbered by a mortgage and a home equity line of credit. That year, Naresh lost his job and Bina stopped working for many months to care for her parents, who were gravely ill. In October 2005, defendants were still struggling financially and decided to refinance the mortgage and home equity line of credit. Defendants believed refinancing and consolidating these debts would ultimately save them money and improve their financial condition. At that time, the outstanding principal balance of these debts totaled $148,726.63.

Defendants obtained a $165,000 refinance mortgage loan (refinance mortgage) from plaintiff's predecessor, Wachovia Bank, N.A. (Wachovia), and executed a thirty-year note and a mortgage against their home. The interest rate on the loan was

---

[1] Because they share the same surname, for clarity and simplicity, we refer to the defendants by their forenames. We do not intend any disrespect by such informality.

A-3096-16T1

6.05 percent per annum. The first page of the note states defendants agreed to pay interest on the unpaid principal balance, and that "the 6.05 percent interest rate would be charged at a rate of 1/365th of the rate for each day." The note also stated the loan would be paid off in thirty years if the monthly payments were paid on time; otherwise, defendants "may owe additional and substantial money at the end of the credit transaction and there may be little or no reduction of [p]rincipal."

Defendants used the loan proceeds to pay off the previous mortgage and the home equity line of credit, and retained $16,000 in cash. Defendants were not charged any fees or costs to complete the transaction. The monthly mortgage payment was $996.76; it is not known what defendants paid each month on the previous mortgage and the home equity line of credit.

Defendants timely made every monthly mortgage payment until November 2010, when they made their last payment, defaulting on the loan. In 2014, plaintiff, which had acquired Wachovia in March 2010, filed a complaint in foreclosure. In their answer, defendants assert the affirmative defense of recoupment, claiming plaintiff violated the Consumer Fraud Act (CFA), N.J.S.A. 56:8-2 to -210, and the Truth in Lending Act (TILA), 15 U.S.C. § 1638.

3

In their brief before us, defendants clarify that the recoupment claim is premised upon plaintiff violating the CFA by transgressing "Regulation Z," see 12 C.F.R. § 226.1(b) (2018). Regulation Z requires a lender to disclose to potential borrowers certain details about the terms and the costs of a proposed loan. See ibid. Defendants are not alleging plaintiff violated any provision in TILA as a discrete claim. They contend plaintiff engaged in an unconscionable commercial practice under the CFA, see N.J.S.A. 56:8-2, because, contrary to Regulation Z, plaintiff failed to disclose that the "daily simple interest feature" of the refinance mortgage could result in a borrower paying far more in interest than if the borrower had a "conventional" mortgage.

Plaintiff moved for summary judgment, asserting it had a right to foreclose upon the refinance mortgage as a matter of law given defendants defaulted on the loan. Defendants opposed the motion, arguing plaintiff had engaged in predatory lending by issuing the refinance mortgage to them when their combined annual income was only $12,225 in 2004, and by failing to disclose the aforementioned terms of the refinance mortgage. Defendants did not deny executing the note and refinance mortgage, but they claimed they were not given an opportunity to read these and related documents before the closing on the

4

refinance mortgage and were never provided a copy of such documents thereafter.

In support of their contention plaintiff engaged in predatory lending, defendants submitted an expert's report from an accountant. The expert noted the refinance mortgage defendants obtained from plaintiff was of a kind that initially applies monthly mortgage payments to only the interest owed. Once the accumulated accrued interest has been paid off, the monthly payments are then applied to the principal. In a conventional mortgage, the monthly mortgage payment is applied to both the interest and principal owed.

The expert noted that if defendants had timely made all monthly mortgage payments, the mortgage would have been paid off in full at the expiration of thirty years. However, because there was a gap in payment, had defendants resumed making the monthly mortgage payments in 2016, defendants would still owe $155,192.99 at the time the loan matured in 2035. We note defendants never resumed paying the mortgage after they defaulted in 2010 and, therefore, the eventuality envisioned by the expert did not materialize.

The court granted plaintiff summary judgment. It found defendants' claim for recoupment unavailing because any action against plaintiff for recoupment was dependent upon proving

5

plaintiff violated the CFA, and the six year statute of limitations for CFA claims, see N.J.S.A. 2A:14-1, had expired. The court otherwise found plaintiff proved it was entitled to foreclose upon the refinance mortgage. Defendants' motion for reconsideration of the order granting plaintiff summary judgment was denied.

The court subsequently entered final judgment foreclosing the refinance mortgage. The judgment stated $235,915.17 is the sum "plaintiff is entitled to have[,]" together with counsel fees of $3,421.15 and interest. Whether defendants will have to pay plaintiff in accordance with the terms of the final judgment will depend upon whether plaintiff pursues and prevails in a deficiency action against them.

## II

On appeal, defendants contend the trial court erred when it granted plaintiff summary judgment. Defendants argue there was evidence plaintiff engaged in predatory lending because plaintiff (1) extended a loan to defendants when they were unemployed and presumably unable to make the monthly mortgage payments, and (2) did not advise defendants the refinance mortgage was "an unconventional mortgage product that had the potential to cost them much more than a standard loan."

6

Defendants also maintain their claim for recoupment was not barred by any statute of limitations.

We review a trial court's decision on summary judgment "de novo, employing the same standard used by the trial court." Tarabokia v. Structure Tone, 429 N.J. Super. 103, 106 (App. Div. 2012) (citing Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998)). We give "no deference to the trial judge's conclusions on issues of law." DepoLink Court Reporting & Litig. Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)). Thus, we must also "view the evidence in the light most favorable to the non-moving party and analyze whether the moving party was entitled to judgment as a matter of law." Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).

We agree defendants' recoupment claim was not time barred. Recoupment "is never barred by the statute of limitations so long as the main action itself is timely." Beneficial Fin. Co. v. Swaggerty, 86 N.J. 602, 609 (1981) (quoting Bull v. United States, 295 U.S. 247, 262 (1935)); see also Assocs. Home Equity Servs., Inc. v. Troup, 343 N.J. Super. 254, 271-72 (App. Div. 2001) (noting the defendant homeowners in a mortgage foreclosure

7

action were permitted to assert an equitable recoupment defense, even though a CFA claim against the mortgagee was time barred).

Notwithstanding defendants' recoupment claim is not time-barred, we question, without deciding, whether under these particular circumstances plaintiff engaged in an unconscionable commercial practice because it extended the refinance mortgage to defendants knowing they were unemployed.

Before acquiring the refinance mortgage, defendants were already burdened with a primary mortgage and a home equity line of credit, for which they had to make monthly payments. Defendants had determined that consolidating and refinancing such debt was in their best interests. They also assumed their unemployment was temporary and their ability to make monthly payments toward the refinance mortgage was feasible. Defendants wanted to refinance the primary mortgage and home equity line against their home because it provided relief from their financial problems.

Second, there is no evidence from an expert supporting defendants' claim that extending the refinance mortgage to defendants constituted predatory lending. Further, even if plaintiff had engaged in the unconscionable commercial practices alleged by defendants, they did not sustain any damages. To prove a cause of action under the CFA, a party must not only

8

prove the defendant engaged in conduct that violated the CFA, but also that such conduct caused the plaintiff to sustain an ascertainable loss. N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003).

There is no evidence defendants sustained any damages as a result of refinancing and paying off the primary mortgage and the home equity line of credit, and retaining $16,000 in cash from the refinance mortgage. Although defendants' expert states they would have still owed $155,192.99 in 2035 had they resumed paying off the refinance mortgage in 2016, defendants did not do so and this mortgage has now been foreclosed. Thus, there is no evidence defendants were damaged as a result of being issued this particular kind of loan.

More important, defendants do not challenge the fact the final judgment provides that $235,915.17 is the sum they ostensibly owe plaintiff. Significantly, defendants do not contend the latter figure would have been less had they been issued a conventional mortgage.

Because defendants did not sustain an ascertainable loss, they cannot show plaintiff violated the CFA and, thus, defendants cannot prevail on a claim for recoupment in the event plaintiff successfully prevails in a deficiency action against

9

them. The trial court's decision to grant summary judgment to plaintiff was appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3096-16T1